UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. C19-1112 JCC-MLP<br><br>REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff's corrected application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 5.) As discussed below, Plaintiff's IFP application fails to adequately describe his income and expenses, and the Court has concerns over the veracity of the application. The undersigned therefore recommends Plaintiff's IFP application be DENIED.

Plaintiff recently filed IFP applications in two other similar matters: *Ma v. Univ. of S. Cal.*, Case No. C18-1778-JCC (W.D. Wash. 2018) (Dkt. # 4) (hereinafter "December 2018 IFP") and *Ma v. Dept. of Education, et al.*, Case No. C19-399-JCC (W.D. Wash 2019), (Dkt. # 1) (hereinafter "March 2019 IFP"). With regard to Plaintiff's March 2019 IFP, the Honorable Mary Alice Theiler, United States Magistrate Judge, submitted a Report and Recommendation recommending Plaintiff's IFP be denied. *Ma,* Case No. C19-399-JCC, (Dkt. # 13). In the Report

REPORT AND RECOMMENDATION - 1

1  and Recommendation, Judge Theiler found Plaintiff's application raised a concern that the Court

2  lacked complete information regarding his financial status. (*Id.*) Specifically, Plaintiff omitted

3  information regarding the fact his parents "pay for his HOA dues," which he previously reported

4  in his December 2018 IFP. *Ma*, Case No. C18-1778-JCC, (Dkt. # 4). Further, Judge Theiler

5  found that in providing an explanation for the discrepancy between his expenses and income,

6  Plaintiff provided information suggesting he had access to nondisclosed financial resources, such

7  as the fact he can pay an accountant, pays $427.00 per month in car payments, and has a car loan

8  with a balance of $28,355.36. *Ma*, Case No. C19-399-JCC, (Dkt. # 13).

9        Additionally, counsel for Defendant University of Southern California submitted a

10  declaration in opposition to Plaintiff's IFP application which described and attached

11  documentation regarding Plaintiff's multiple international and domestic flights, his ability to pay

12  for numerous mailings and subpoenas, and the estimated value of his condominium. *Id.*, (Dkt. #

13  9.) Based on Plaintiff's submissions and defense counsel's declaration, Judge Theiler concluded

14  that Plaintiff failed to provide complete information regarding his financial status and withheld

15  information regarding resources that would enable him to pay the filing fee. *Id.*, (Dkt. # 13.)

16        In its Order adopting Judge Theiler's Report and Recommendation, the Court concluded

17  Plaintiff's IFP application failed to allege poverty with sufficient particularity, definiteness, and

18  certainty. *Ma*, Case No. C19-399-JCC, (Dkt. # 37). The Court also found Plaintiff both omitted

19  and provided inconsistent information regarding his financial status. (*Id.*) In addition to the

20  concerns raised in the Report and Recommendation, the Court noted that in Plaintiff's December

21  2018 IFP, Plaintiff reported he receives food stamps and was enrolled in a Washington State

22  Medicaid program, but Plaintiff omitted this information in his March 2019 IFP. *Ma*, Case No.

23  C19-399-JCC, (Dkt. ## 1, 37). Plaintiff also indicated in subsequent filings that he receives

1   Social Security benefits which he did not disclose on either his December 2018 IFP or March

2   2019 IFP. (*Id.*) The Court concluded that the information indicating Plaintiff is not impoverished,

3   coupled with his incomplete and inconsistent answers on his IFP application, showed Plaintiff's

4   March 2019 IFP should be denied. (*Id.*)

5   In the instant matter before this Court, Plaintiff's IFP application indicates that for the

6   past twelve months, the only income he has received is $200.00 and that he currently has only

7   $20.00 in cash. (Dkt. # 5 at 1-2.) Plaintiff also indicates that he does not have any interest in

8   property, including real estate and automobiles, and indicates that his checking account balance

9   is currently "$-888,888.88." (*Id.* at 2.) In the section designated for a description of monthly

10  expenses, Plaintiff states "[s]ee attached for a very detailed explanation[,]" however, no

11  explanation is attached. (*Id.*)

12  Similar to Plaintiff's previous case, counsel for Defendant University of Southern

13  California submitted a declaration opposing Plaintiff's IFP motion. (Dkt. # 6.) The declaration

14  describes and provides attachments regarding, *inter alia*, Plaintiff's ownership of a vehicle, a

15  checking account with funds to make a payment of $3,926.17, a computer, cell phones, an xbox,

16  a smart watch, and a camera. (*Id.*) In response, Plaintiff filed a motion to strike defense counsel's

17  declaration. (Dkt. # 8.) In his motion to strike, Plaintiff disputes owning a vehicle, owning

18  property, and traveling internationally. (*Id.*)

19  Plaintiff's IFP application failed to adequately describe his monthly expenses. Based on

20  Plaintiff's previous IFP applications, it also appears he has withheld and omitted information

21  indicating he has the ability to pay the filing fee. The Court therefore recommends Plaintiff's

22  motion to proceed IFP (dkt. # 5) be DENIED. This action should proceed only if Plaintiff pays

23  the $400.00 filing fee within **thirty (30) days** after the entry of the Court's Order adopting this

Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk should close the file. The undersigned also recommends that Plaintiff's motion to strike (dkt. # 8) be DENIED.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed nine pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready.

Dated this 5th day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge