THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C19-1112-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF EDUCATION and UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendants. | |

This matter comes before the Court on the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 9), and Plaintiff Roland Ma's objections (Dkt. No. 13) and motion to strike (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS Judge Peterson's report and recommendation, OVERRULES Plaintiff's objections, and DENIES Plaintiff's motion to strike.

On July 16, 2019, Plaintiff initiated this lawsuit by filing a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 1.) In his complaint, Plaintiff asserts that Defendant United States Department of Education "failed to protect students by enforcing the Family Educational Rights and Privacy Act (FERPA) and the Section 504, in accordance to the most recent Case Processing Manual (CPM) issued on November 19, 2018." (Dkt. No. 1-1 at 4.) He additionally

ORDER
C19-1112-JCC
PAGE - 1

alleges that Defendant University of Southern California ("USC") "failed to provide reasonable accommodations in accordance to the Americans with Disabilities Act of 1990, as amended, and the Section 504 of the Rehabilitation Act, as amended, which also prohibits retaliation against the individuals." (*Id.*)

The Court recently presided over two lawsuits filed by Plaintiff that alleged nearly identical claims as the instant complaint. *See Ma v. Univ. of S. Cal.*, Case No. C18-1778-JCC (W.D. Wash. 2018); *Ma v. Department of Education, et al.*, Case No. C19-0399-JCC (W.D. Wash. 2019). The Court dismissed Plaintiff's first lawsuit without prejudice pursuant to Plaintiff's motion for voluntary dismissal. *See Ma*, Case No. C18-1778-JCC, Dkt. No. 86. Plaintiff filed his second lawsuit a day later and sought leave to proceed IFP. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 1.

Based on the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, the Court denied Plaintiff's motion to proceed IFP. *Ma*, Case No. C19-0399-JCC, Dkt. No. 37. In doing so, the Court noted that "Plaintiff both omitted and provided inconsistent information regarding his sources of money or other benefits he receives." *Id*. The Court also pointed out that Plaintiff had provided information that suggested he was not impoverished: for example, that he was making payments on an almost $28,000 car loan and that he could pay for a personal accountant. *Id*. The Court concluded that Plaintiff had failed to allege poverty with sufficient particularity, definiteness, and certainty. *Id*. The day after the Court denied Plaintiff's motion to proceed IFP, Plaintiff paid the $400 filing fee using a Visa credit card.

On July 16, 2019, the Court dismissed Plaintiff's complaint without prejudice for failing to comply with its order to meet and confer with Defendants. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 80. Later that day, Plaintiff filed the instant complaint with a motion to proceed IFP. (Dkt. Nos. 1, 5.) USC filed a declaration in opposition to Plaintiff's motion to proceed IFP, with several exhibits purporting to demonstrate that Plaintiff is not impoverished. (*See* Dkt. No. 6.)

Plaintiff filed a motion to strike USC's declaration as improper. (Dkt. No. 8.)

On August 5, 2019, Judge Peterson issued a report and recommendation that recommends that the Court deny Plaintiff's motion to proceed IFP. (Dkt. No. 9.) Judge Peterson noted that Plaintiff's IFP application "failed to adequately describe his monthly expenses." (*Id*. at 3.) Judge Peterson also noted that "[b]ased on Plaintiff's previous IFP applications, it also appears he has withheld and omitted information indicating he has the ability to pay the filing fee." (*Id*.) Judge Peterson recommended that Plaintiff be required to pay the $400 filing fee within 30 days or have his case dismissed. (*Id*.) Judge Peterson also recommended that Plaintiff's motion to strike (Dkt. No. 8) be denied.

Plaintiff's objections to Judge Peterson's report and recommendation are unavailing. (*See* Dkt. No. 13.) Plaintiff states that because he has received court-appointed counsel in various state court criminal proceedings, he should qualify for IFP status in this case. (*Id*. at 2.) This Court is not bound by a state court's IFP decisions, and the Court is required to consider the information provided by Plaintiff in his IFP applications. The record before the Court continues to demonstrate that Plaintiff has either omitted or provided conflicting information regarding his financial status, and continually disregarded the Court's orders. Plaintiff's current IFP application is incomplete and also provides conflicting information with the IFP applications he has submitted in prior lawsuits. *Compare* Dkt. No. 5, *with Ma*, Case No. C19-0399-JCC, Dkt. No. 1. As one example, in his prior IFP application, Plaintiff stated that he was last employed in December 2018 with a monthly salary of $898. *Ma*, Case No. C19-0399-JCC, Dkt. No. 1. In his current IFP application, Plaintiff reports having no prior employment. (Dkt. No. 5 at 1.) Plaintiff's representations to this Court have been littered with these types of inconsistencies and omissions. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 37 (detailing the various inconsistencies between Plaintiff's IFP applications).

Plaintiff's litigation conduct before this Court has been reprehensible. In his prior lawsuit, the Court sanctioned Plaintiff for serving abusive subpoenas on USC's counsel of record and her

family members. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 37. The Court also dismissed Plaintiff's prior lawsuit for failing to meet and confer with Defendants as explicitly ordered by the Court. *Ma*, Case No. C19-0399-JCC, Dkt. No. 80. And on August 6, 2019, the Court's finance department was contacted by Plaintiff's credit card company and informed that Plaintiff had disputed the $400 payment for the filing fee made in his prior lawsuit after the Court dismissed his case. As a result, the credit card company reversed the $400 payment made to the Court for the filing fee. Plaintiff's actions place him in direct violation of the Court's prior order denying IFP status and requiring Plaintiff to pay the filing fee. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 37.

Plaintiff's actions, like so much of his litigation conduct, are intolerable, and provide an additional reason for why he should not be allowed to proceed IFP in this case. For the foregoing reasons, the Court ORDERS the following:

1. The Court ADOPTS Judge Peterson's report and recommendation (Dkt. No. 9);

2. The Court OVERRULES Plaintiff's objections (Dkt. No. 13);

3. The Court DENIES Plaintiff's motion to strike (Dkt. No. 8);

4. Plaintiff's motion to proceed IFP is DENIED. Within 14 days of the issuance of this order, Plaintiff shall pay the $400 filing fee. If Plaintiff fails to timely pay the filing fee, his complaint will be dismissed.

5. Within 14 days of the issuance of this order, Plaintiff shall pay the $400 filing fee owing in *Ma v. Department of Education, et al.*, Case No. C19-0399-JCC (W.D. Wash. 2019). If Plaintiff fails to timely pay the filing fee, his complaint in this case will be dismissed. Plaintiff shall not file any new civil lawsuits in this District until he has paid this filing fee.

6. The Clerk is DIRECTED to send a copy of this order to Plaintiff and Judge Peterson.

//

//

DATED this 23rd day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE