THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

   v.

DEPARTMENT OF EDUCATION,
UNIVERSITY OF SOUTHERN
CALIFORNIA,

        Defendant.

CASE NO. C19-1112-JCC

ORDER

This matter comes before the Court on Defendant's motion to enforce a settlement agreement between the parties (Dkt. No. 21). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has set forth the underlying facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 15.) Since November 2018, the parties have discussed settling this matter. (*See* Dkt. Nos. 22-1 at 2–21, 22-2 at 1–7, 24 at 2–3.) On August 20, 2019, Defendant sent Plaintiff an email with an attached letter dated August 19, 2019, which set forth proposed settlement terms (the "August 19 offer"). (See Dkt. No. 22-2 at 9–11.) On August 30, 2019, Defendant sent Plaintiff another email with an attached settlement release and hold harmless

agreement with space provided for Plaintiff's signature (the "August 30 offer"). (*See id.* at 2–7.) On September 4, 2019, Plaintiff sent Defendant an email which stated, "accepted please expect a teller check by the end of tomorrow" (the "September 4 acceptance"). (*Id.* at 9.) The September 4 acceptance was sent in response to Defendant's August 20, 2019 email with the August 19 offer. (*See id.* at 9–11; Dkt. No. 22 at 2.)

On September 6, 2019, Plaintiff sent defense counsel and email asking, "Could you please advise me are we still in the settlement process that you had offered on behalf of your client? If not, I will go ahead place a stop payment request to the check that I have sent out." (Dkt. No. 22-2 at 14.) On September 7, 2019, Defendant emailed Plaintiff asking that he "sign and return the attached settlement agreement" and attaching a letter and a copy of the August 30 offer. (*See id.* at 13, 15–19.) Defendant's letter noted that it had received a check from Plaintiff that appeared to satisfy his outstanding debt to Defendant. (*See id.* at 15.)

Later that day, Plaintiff sent Defendant a revised version of the August 30 offer via DocuSign. (*See id.* at 21–31.) Defendant disagreed with Plaintiff's revisions, asserted that Plaintiff had already agreed to the August 30 offer, and again asked Plaintiff to execute the August 30 offer. (*See id.* at 33–34.)

On November 16, 2019, Defendant filed the instant motion. (Dkt. No. 21.) Since Defendant's filing of the motion, the parties have continued to discuss settling this case. (*See generally* Dkt. Nos. 25, 25-1, 25-2.) In fact, Plaintiff has provided Defendant unaltered copies of the August 30 offer with his electronic signature and has acknowledged that he was the person who signed the offers. (*See* Dkt. No. 25-1 at 7–10, 15; 25-2 at 14.) Defendant continues to pursue its motion because Plaintiff has not provided an August 30 offer with his handwritten signature. (*See* Dkt. No. 24 at 2.) Plaintiff has not substantively responded to Defendant's motion.[1]

---

[1] On November 20, 2019, Plaintiff submitted a notice to the Court showing that he had attempted to send emails to Defendant's counsel AnneMarie Hoovler and had been blocked due to Ms. Hoovler's protection order against him. (*See* Dkt. Nos. 23, 24 at 1.) Plaintiff's attempted

## II. DISCUSSION

### A. Legal Standard

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (collecting cases). "However, the district court may enforce only *complete* settlement agreements." *Id*. "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id*.

In Washington, "[s]ettlements are considered under the common law of contracts." *Condon v. Condon*, 298 P.3d 86, 92 (Wash. 2013). The formation of a contract requires a meeting of the minds between the parties to the contract. *See Sea-Van Invs. Assocs. v. Hamilton*, 881 P.2d 1035, 1038–39 (Wash. 1994); *see also Blue Mt. Constr. Co. v. Grant Cty. Sch. Dist. No. 150-204*, 306 P.2d 209, 212 (Wash. 1957) ("The acceptance of an offer is always required to be identical with the offer, or there is no meeting of the minds and no contract."). Whether a meeting of the minds sufficient to create a contract exists is generally a question of fact. *Sea-Van Invs. Assocs.*, 882 P.2d at 1039. "Where the parties have not reached agreement, there is nothing for equity to enforce." *Haire v. Patterson*, 386 P.2d 953, 956 (Wash. 1963).

### B. Settlement Agreement

Defendant asserts that a valid and enforceable contract exists between the parties following the September 4 acceptance, as Plaintiff agreed to the material terms of the August 30

---

correspondence with Ms. Hoovler does not appear relevant to the instant motion. (*See* Dkt. No. 23 at 2–3.)

On October 2, 2019, Plaintiff filed a *praecipe* to the declaration of Defendant's counsel Michael Jaeger that accused Mr. Jaeger of attempting to "trap" Plaintiff into meeting at the King County District Court. (*See* Dkt. No. 26.) Plaintiff claims that Mr. Jaeger was aware of an outstanding arrest warrant for Plaintiff that would have been executed at the courthouse. (*See id.* at 1.) Mr. Jaeger denies Plaintiff's allegations and asks that Plaintiff's *praecipe* be struck as an untimely response to Defendant's motion. (*See* Dkt. No. 27.) The Court declines to strike Plaintiff's *praecipe* but will not consider its allegations against Mr. Jaeger in deciding the instant motion.

offer and partially performed by fulfilling his payment obligations. (*See* Dkt. Nos. 21 at 2–5; 22-2 at 4–7, 9.) But Plaintiff sent the September 4 acceptance in response to the August 19 offer, which set forth materially different terms than the August 30 offer. (*See* Dkt. No. 22-2 at 9–11.)[2] Thus, it is unclear as to whether there was a meeting of the minds between the parties as to the material terms of the agreement. On this record, the Court cannot find that there was a meeting of the minds on September 4 sufficient to create a contract this Court may enforce pursuant to its equitable powers. *See Sea-Van Invs. Assocs.*, 882 P.2d at 1039; *Haire*, 386 P.2d at 956.

But there has been a meeting of the minds between the parties subsequent to the September 4 acceptance: Plaintiff's delivery to Defendant of the August 30 offer with his electronic signature. (*See, e.g.*, Dkt. No. 25-1 at 7–10.) Plaintiff has repeatedly affirmed in emails to Defendant's counsel that Plaintiff was the one who applied his electronic signature to the unaltered August 30 offers sent to Defendant. (*See id*. at 15; Dkt. No. 25-2 at 14.) As Plaintiff has provided his electronic signature to the August 30 offer without proposed revisions, Plaintiff's acceptance mirrors Defendant's offer and there has been a meeting of the minds between the parties. *See Sea-Van Invs. Assocs.*, 881 P.2d at 1038–39; *Blue Mt. Constr. Co.*, 306 P.2d at 212; (*compare* Dkt. No. 22-2 at 4–7, *with* Dkt. No. 25-1 at 7–10). As no material questions of fact remain outstanding, the Court FINDS that a settlement agreement, whose terms are embodied by the August 30 offer, exists between the parties and may be enforced pursuant to the Court's equitable powers. *See Callie*, 829 F.2d at 890, *Haire*, 386 P.2d at 956.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to enforce settlement agreement (Dkt. No. 21) is GRANTED. Pursuant to the parties' settlement agreement, this case is DISMISSED. *See*

---

[2] For example, the August 30 offer requires Plaintiff "to dismiss any and all complaints and appeals in which the University of Southern California or its employees are a party by or before September 15, 2019" and contains substantial language regarding the scope and enforcement of the proposed settlement agreement, none of which is present in the August 19 offer. (*Compare* Dkt. No. 22-2 at 4–7, *with* Dkt. No. 21-1 at 13–14.)

*Link v. Wabash R. Co.*, 370 U.S. 626, 631–32 (1962); (Dkt. No. 25-1 at 7). The Court shall retain jurisdiction over this case for the limited purpose of enforcing the terms of the parties' settlement agreement. The Clerk is DIRECTED to STRIKE Defendant's pending motion for a pre-filing order pursuant to 28 U.S.C. § 1651(a) (Dkt. No. 28). The Clerk is further DIRECTED to close the case.

DATED this 16th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE