UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF EDUCATION,<br>UNIVERSITY OF SOUTHERN<br>CALIFORNIA,<br><br>                Defendant. | CASE NO. C19-1112-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant's motion for issuance of an order to show cause why Plaintiff should not be found in civil contempt (Dkt. No. 37). The Court set forth the facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 15.) On October 16, 2019, the Court granted Defendant's motion to recognize a settlement agreement between the parties. (*See* Dkt. No. 32.) The Court dismissed the case and retained jurisdiction "for the limited purpose of enforcing the terms of the parties' settlement agreement." (*Id*. at 4–5.)

       On December 30, 2019, Defendant filed the instant motion, alleging that Plaintiff has repudiated the parties' settlement agreement because he has "(1) issued a stop payment on monies owed to the University pursuant to the settlement agreement and (2) maintained and started new appeals of the anti-harassment orders obtained against him by individuals associated with the University of Southern California." (Dkt. No. 37 at 1.) Defendant states that it "has

abided by all terms of the agreement including providing [Plaintiff's] official transcript to him." (*Id*. at 1–2.)

Defendant now seeks an order to show cause requiring Plaintiff to establish why the Court should not adjudge him to be in civil contempt for failure to comply with the Court's order recognizing the settlement agreement. (*Id*. at 2.) Defendant requests, if Plaintiff fails to satisfactorily establish that he should not be held in contempt, that the Court: (1) enter an order adjudging Plaintiff to be in civil contempt; (2) enter a revised judgment awarding Defendant both the sums owed by Plaintiff pursuant to the parties' settlement agreement and Defendant's attorney fees incurred in seeking enforcement; and (3) enter an order providing that if Plaintiff fails to comply with the Court's orders within 30 days he shall be taken into federal custody by the U.S. Marshal until he purges his contempt by complying with the Court's orders. (*Id*.) Plaintiff has not substantively responded to Defendant's motion. (*See* Dkt. No. 39.)

A court may grant a motion for an order of contempt if it finds "by clear and convincing evidence" that the non-moving contemnors (1) "violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). If the moving party meets its burden, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply" with the court order and to show that "they took every reasonable step to comply." *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, the Court found that a settlement agreement "exists between the parties and may be enforced pursuant to the Court's equitable powers." (*See* Dkt. No. 34 at 2.) Breach of a settlement agreement entitles the nonbreaching party to specific performance or an award of unliquidated damages. *See TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). Additionally, "[a]lthough the court normally exercises its enforcement power in response to a motion to enforce the agreement, it may do so in contempt proceedings for violation of a court order approving the settlement and commanding or enjoining particular conduct." *Id.* (citing

1 | *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 n.13 (8th Cir. 1984)).

Defendant has submitted clear and convincing evidence that Plaintiff has repudiated the parties' settlement agreement, including reversing his payment of the outstanding tuition owed to Defendant. Thus, he has not substantially complied with the Court's order enforcing the parties' settlement agreement. (*See* Dkt. Nos. 37 at 5–6; 38 at 3–5; 38-1 at 15, 20.) Unless Plaintiff can demonstrate why he was unable to comply with the Court's order enforcing the parties' settlement agreement, Plaintiff will be held in contempt.

For the foregoing reasons, Defendant's motion for an order to show cause (Dkt. No. 37) is GRANTED. Plaintiff is hereby ordered to file a response to this order establishing why he should not be held in contempt of this Court's order enforcing the parties' settlement agreement. Plaintiff's response shall not exceed five pages in length and shall be filed no later than 14 days from the date this order is issued. Failure to respond will result in the imposition of a penalty to be determined by the Court.

DATED this 28th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE