THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C19-1112-JCC |
| Plaintiff, | ORDER |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motions to vacate order or disqualify the Court, to stay this case pending appeal, and to proceed *in forma pauperis* on appeal (Dkt. Nos. 45, 47, 49). Having thoroughly considered the motions and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motions for the reasons explained herein.

I. **BACKGROUND**

The Court set forth the facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 15.) On February 28, 2020, the Court granted Defendant's motion for an order to show cause and ordered Plaintiff to file a response within 14 days "establishing why he should not be held in contempt of this Court's order enforcing the parties' settlement agreement." (*Id*. at 3.) Plaintiff did not file a response to the Court's order. Instead, Plaintiff moved to vacate the

Court's order to show cause or for the Court to recuse itself pursuant to 28 U.S.C. § 455, (Dkt. No. 45), filed a notice of appeal and an emergency motion to stay pending the resolution of that appeal, (Dkt. Nos. 46, 47), and filed a second motion for leave to proceed *in forma pauperis*, (Dkt. No. 49). The Court addresses each of Plaintiff's motions in turn.

## II. DISCUSSION

### A. Motion to Vacate Order or to Disqualify

Plaintiff asks the Court to recuse itself from this case pursuant to 28 U.S.C. § 455(a). (Dkt. No. 45.) "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In determining whether a § 455(a) violation requires vacatur under Rule 60(b)(6) . . . it is appropriate to consider the risk of injustice to the particular parties, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 848 (1988).

Plaintiff first argues that the Court advanced a status conference in a different case, which caused Plaintiff to voluntarily dismiss that case and to file this case. (Dkt. No. 45 at 2.) The decision to advance the status conference was done "in the interest of judicial economy" and does not evidence any bias towards Plaintiff. *See Ma v. University of Southern California*, Case No. Case No. 18-1778-JCC, Dkt. No. 82 (W.D. Wash. 2019); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) ("A district court must be able to exercise its managerial power to maintain control over its docket.").

Plaintiff next argues that the Court overlooked his assertions that he cannot file documents with the Court because such filings constitute willful violations of the no-contact order one of Defendant's attorneys has against Plaintiff. (Dkt. No. 45 at 2–3.) Plaintiff's argument ignores the record. Defendant moved for an order to show cause after Plaintiff

repudiated the parties' settlement agreement when Plaintiff "issued a stop payment on monies owed to [Defendant] pursuant to the settlement agreement" and "maintained and started new appeals of the anti-harassment orders obtained against him by individuals associated with [Defendant]." (Dkt. No. 37 at 1.) Rather than responding substantively to Defendant's motion, Plaintiff filed two sets of email correspondence between him and defense counsel. (*See* Dkt. Nos. 39, 42.)[1] And the Court, after reviewing the parties' filings and the relevant record, found that Defendant had carried its burden of submitting "clear and convincing evidence that Plaintiff had repudiated the parties' settlement agreement, including reversing his payment of the outstanding tuition owed to Defendant." (Dkt. No. 44 at 3.) Thus, contrary to Plaintiff's present position, the Court took Plaintiff's claims regarding his ability to file materials into account, and the Court's decision against him does not evidence any bias of the Court. *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) ("[A] judge's prior adverse ruling is not sufficient cause for recusal.").[2]

---

[1] In its reply brief in support of its motion for an order to show cause, Defendant stated that, "[Plaintiff] claimed that filing electronically would expose him to criminal prosecution. However, none of the criminal charges that have been levied against him in the past were for filing documents in this or other courts." (Dkt. No. 40 at 1.)

[2] In his motion, Plaintiff refers to statements purportedly made by Defendant's counsel's husband on an online forum. (*See* Dkt. No. 45 at 2–3.) Plaintiff has attached what appear to be screenshots of the alleged statements as exhibits to his motion. (*See id.* at 5–7.) Neither Plaintiff's motion nor the exhibits themselves conclusively establish the identity of the participants in the discussion, and none of the statements concern conduct by the Court that would suggest a bias against Plaintiff. (*See id.*)

Plaintiff also states that he has sent a cease-and-desist letter to Defendant pursuant to the Fair Debt Collection Practices Act regarding any future collection actions and has attached an "Authorization to Communicate & Negotiate" to his motion. (*See id.* at 3, 8.) Plaintiff's motion and the authorization do not establish any bias of the Court toward Plaintiff. (*See id.*)

Plaintiff also asserts that he has sent a cease-and-desist letter to Defendant pursuant to the Fair Debt Collection Practices Act "advis[ing] the university do not contact the Plaintiff pursuant to 15 U.S.C. §§ 1692c, and direct all debt settlement communication to the Law Office of Robert S. Gitmeid & Associates, PLLC." (Dkt. No. 45 at 3.) Plaintiff has not attached the purported cease-and-desist letter to his motion, (*see id.* at 8), and does not establish how the letter is relevant to the instant motion.

1    In sum, Plaintiff has not established any bias of the Court that would merit recusal or
2 vacatur of the Court's prior order. See 28 U.S.C. § 455(a); *Liljeberg*, 486 U.S. at 848. Therefore,
3 Plaintiff's motion to vacate the Court's prior order or disqualify the Court (Dkt. No. 45) is
4 DENIED. The Clerk is DIRECTED to refer Plaintiff's motion for recusal to Chief United States
5 District Judge Ricardo S. Martinez for further consideration. *See* W.D. Wash. Local Civ. R. 3(g).

### B. Motions for Leave to Proceed *In Forma Pauperis* and to Stay

Plaintiff moves to stay this case pending the outcome of his appeal of the Court's order to show cause and for leave to proceed *in forma pauperis* on appeal. (Dkt. Nos. 47, 49.) Plaintiff's motion to stay simply states that, "Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Plaintiff acting as Pro Se hereby respectfully moving this Court to grant the motion for stay pending appeal." (Dkt. No. 47 at 1.) Plaintiff's motion does not provide any substantive basis for the Court to stay this case pending the outcome of Plaintiff's appeal. *See Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977) (reciting elements courts examine to determine whether stay order pending an appeal is warranted). Therefore, Plaintiff's motion to stay (Dkt. No. 47) is DENIED.

Plaintiff's motion to proceed *in forma pauperis* on appeal might set forth a basis to find him indigent. (*See* Dkt. No. 49.) But on March 30, 2020, the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction without reaching the issue of whether Plaintiff could proceed before paying the filing and docketing fees for his appeal. (*See* Dkt. No. 53 at 1) (citing 28 U.S.C. § 1291). Therefore, Plaintiff's motion to proceed *in forma pauperis* on appeal (Dkt. No. 49) is DENIED as moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions to vacate order or disqualify the Court, to stay this case pending appeal, and to proceed *in forma pauperis* on appeal (Dkt. Nos. 45, 47, 49) are DENIED.

//

1       DATED this 2nd day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE