UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROLAND MA, | CASE NO. C19-1112 JCC |
|---|---|
| Plaintiff, | ORDER AFFIRMING ORDER DENYING MOTION TO DISQUALIFY |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Vacate Prior Rulings and Judge's Disqualification Under 28 U.S.C. § 455(a). Dkt. #45. The Honorable United States District Judge John C. Coughenour denied Plaintiff's request that he disqualify himself. Dkt. #54. Pursuant to the Court's Local Civil Rules, Judge Coughenour referred the matter to the Undersigned. Dkt. #54 at 4; LCR 3(f).

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also must disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal of a federal judge is appropriate if "a reasonable person with

ORDER – 1

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff has been involved in at least three cases before Judge Coughenour. Dkt. #45 at 2. His motion conveys a subjective perception of bias because of Judge Coughenour's prior rulings. As "evidence" of bias, Plaintiff points only to an internet posting he attributes to an attorney's spouse and some vague "proof" that an attorney had a goal of setting a high amount of bail in some proceeding. Dkt. #45 at 2–3. But Plaintiff does not point to anything indicating judicial bias and does not point to any action taken by Judge Coughenour outside of his judicial role. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff points to nothing setting forth a reasonable basis upon which Judge Coughenour's "impartiality might reasonably be questioned." Accordingly, the Court finds and ORDERS that Judge Coughenour's Order (Dkt. #54) declining to disqualify himself is AFFIRMED.

DATED this 16th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2