THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ROLAND MA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF EDUCATION, *et al.*,<br><br>    Defendants. | CASE NO. C19-1112-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. Following repeated abuses, the Court ordered Plaintiff Roland Ma to show cause why the Court should not impose a vexatious litigant order against Plaintiff. (Dkt. No. 73.) Plaintiff failed to timely respond. Accordingly, the Court ENTERS an order as set forth below.

The instant case is the latest iteration of Plaintiff's recurring lawsuits against Defendants Department of Education and University of Southern California, which include multiple lawsuits filed in this and other districts and several appeals to the Ninth Circuit. *See Ma v. Univ. of S. Cal.*, Case No. C18-1778-JCC, Dkt. Nos. 72, 86 (W.D. Wash. Dec. 11, 2018) (voluntary dismissal); *Ma v. Dep't of Educ., et al.*, Case No. C19-0399-JCC, Dkt. No. 80 (W.D. Wash Mar. 18, 2019) (dismissed due to Plaintiff's blatant failure to comply with the Court's orders to meet and confer with Defendants); *Ma v. Dep't of Educ., et al.*, Case No. 19-35400, Dkt. No. 25 (9th Cir. May 6, 2019) (dismissed as frivolous); *Ma v. Dep't of Educ., et al.*, Case No. C19-1112-JCC

(W.D. Wash. July 16, 2019) (instant case); *Ma v. Dep't of Educ., et al.*, Case No. 19-35596, Dkt No. 12 (9th Cir. July 18, 2019) (voluntarily dismissed); *Ma v. Dep't of Educ., et al.*, Case No. 19-35726, Dkt. No. 14 (9th Cir. Aug. 27, 2019) (dismissed as frivolous); *Ma v. Univ. of S. Cal., et al.*, Case No. 19-06429-JFW-KS, Dkt. No. 5 (C.D. Cal. July 24, 2019) (dismissed as frivolous); *Ma v. Dep't of Educ., et al.*, Case No. 20-35191, Dkt. No. 5 (9th Cir. Feb. 28, 2020) (dismissed for lack of jurisdiction); *Ma v. Univ. of S. Cal., et al.*, Case No. 20-35370, Dkt. No. 37 (9th Cir. Apr. 29, 2020) (affirming this Court's finding of contempt). These suits are in addition to ongoing lawsuits Plaintiff brought against other defendants in this District. *See Ma v. Densmore, et al.*, Case No. C20-01355-RAJ (W.D. Wash. Sep. 14, 2020); *Ma v. City of Seattle, et al.*, C19-01764-RSL (W.D. Wash. Oct. 29, 2019). The record contained in these cases speaks to Plaintiff's abuse of the litigation process and his use of the Court as a "vehicle to harass and antagonize." (Dkt. No. 73; s*ee also* Dkt. Nos. 56, 67, 72.)

      The Court previously sanctioned Plaintiff for serving abusive subpoenas on Defendant University of Southern California's counsel of record and her family members. *See Ma*, Case No. C19-0399-JCC, Dkt. No. 37. Nevertheless, Plaintiff repeatedly failed to comply with orders in that case, leading to the dismissal of the action. *Ma*, Case No. C19-0399-JCC, Dkt. No. 80. He has also repudiated a settlement agreement in this case and failed to comply with the Court's order enforcing the agreement, (Dkt. No. 44), actions for which this Court held him in contempt, (Dkt. No. 62). Nevertheless, Plaintiff failed to comply with the terms of the contempt judgment and remains in contempt of Court in this matter. (*See* Dkt. Nos. 69, 73.) On December 29, 2020, the Court ordered Plaintiff to show cause why the Court should not impose a vexatious litigant order. (Dkt. No. 73.) The order to show cause directed Plaintiff to respond within twenty-one days; Plaintiff did not avail himself of this opportunity. (*See id.*)

      District courts have inherent power to enter pre-filing orders against vexatious litigants with abusive litigation histories. 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such an order should be entered only when (1) the litigant has

received notice and a chance to be heard before the order is entered, (2) there is "an adequate record for review," (3) the court has made "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the vexatious litigant order is narrowly tailored to the litigant's wrongful behavior. *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). Here, the requirements are met. First, Plaintiff received adequate notice and failed to take the opportunity to respond to this Court's order to show cause. (Dkt. No. 73.) Next, an adequate record is available to demonstrate Plaintiff's frivolous, harassing conduct, and his rampant disregard for the Court's previous orders. Finally, given Plaintiff's repeated abuses of the Court, against both the instant Defendants and others, the Court finds it necessary to enter an order limiting Plaintiff's ability to bring suit within this District against *any* defendant.

Accordingly, this Court FINDS Plaintiff to be a vexatious litigant and ORDERS as follows:

- Any complaint submitted for filing in this District in which Roland Ma is a named Plaintiff or purports to act as party representative shall be filed under the miscellaneous case number, 2:21-mc-0015-JCC, and shall be reviewed by the Court prior to the issuance of summons or service of process. The following review provisions will apply:
    o The Court will review the proposed Complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Mr. Ma's past litigation abuses. The proposed Complaint must comply with Federal Rule of Civil Procedure 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each defendant against whom the claim is asserted. The proposed Complaint must be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, *res judicata*, and/or an applicable immunity.
    o If the Court determines that good cause has not been shown, the action will be

dismissed *sua sponte* without further opportunity for response. If the Court also determines that sanctions are appropriate, the Court will give Mr. Ma notice and an opportunity to respond.

The Court DIRECTS the Clerk to mail a copy of this order to Plaintiff.

DATED this 9th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE